UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Wendy Lougee O'Brien, Individually
and as Trustee
of the Lougee I Realty Trust

    v.                                    Civil No. 12-cv-443-JD

Loreen Lougee Kline, et al.


O R D E R


Wendy Lougee O'Brien brought suit alleging claims that arose
from an alleged error in a property description in the Lougee I
Realty Trust ("Trust").  Through an amended complaint filed on
January 12, 2013, O'Brien added defendants, including her mother,
Glenna F. Lougee, and claims.  On the same day, O'Brien filed a
motion to have a guardian ad litem appointed for her mother,
Glenna F. Lougee, for purposes of this suit.

In her motion, O'Brien states that her mother is
incapacitated by Alzheimer's Disease and lives in a health care
facility.  O'Brien represents that her mother does not have "a
validly-appointed and qualified general guardian, committee,
conservator, or other like fiduciary."  In addition, O'Brien
"suggests" that she will pay the guardian ad litem's reasonable
fees and costs from Glenna Lougee's personal funds, acting under
O'Brien's durable power of attorney, and that those payments
would be made subject to Glenna Lougee's right of indemnification

against the defendants.  For purposes of relief, O'Brien asks the court to direct O'Brien to pay the fees and costs from her mother's personal funds, subject to her mother's right to seek an indemnification order from the court.

The law firm defendants, Robert B. Donovan and Donahue, Tucker & Ciandella, PLLC, assent to that part of the motion to have a guardian ad litem appointed but not to the part pertaining to payment of fees and costs.  The other defendants did not file a response to the motion.

Federal Rule of Civil Procedure 17(c) "governs a minor or incompetent's access to federal court." Sam M. ex rel. Elliott v. Carcieri, 608 F.3d 77, 85 (1st Cir. 2010).  "The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).  Generally, the court will decide an issue of incompetency and need for protection based on evidence.  See Powell v. Symons, 680 F.3d 301, 310 (3d Cir. 2012); Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 200 (2d Cir. 2003); Pinkney v. City of Jersey City Dep't of Housing & Econ. Dev., 42 Fed. Appx. 535, 536-37 (3d Cir. 2002).

In this case, O'Brien provides no evidence to support her assertion of her mother's incompetence.  Although the law firm defendants assent to the appointment of a guardian ad litem,

Loreen Lougee Kline did not respond to the motion.  The newly-served defendants have not yet filed appearances and have not responded to the motion.  O'Brien's counsel acknowledges that he did not have time to seek concurrence from counsel for the newly-served defendants.

The motion to appoint a guardian ad litem cannot be decided under these circumstances.  As a first step, O'Brien's counsel should attempt to obtain the assent of the remaining defendants on the issues of appointment and payment of fees.  If that is not possible, O'Brien may file another motion in which she explains the responses from the other defendants, provides evidence of incompetence, and suggests the names of (at least three) people who might be considered by the court for appointment as the guardian ad litem.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion to appoint a guardian ad litem (document no. 14) is denied without prejudice to file another properly supported motion.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

February 7, 2013

cc:  Christopher D. Hawkins, Esq.
     Edward K. O'Brien, Esquire
     Thomas R. Walker, Esquire

3