UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Wendy Lougee O'Brien, Individually
and as Trustee of the
Lougee I Realty Trust

   v.                                             Civil No. 12-cv-443-JD

Loreen Lougee Kline, et al.


O R D E R

Wendy Lougee O'Brien brought suit alleging claims that arose from an alleged error in a property description in the Lougee I Realty Trust ("Trust"). O'Brien previously moved for the appointment of a guardian ad litem for her mother, Glenna F. Lougee, who is a defendant in this action. Because of deficiencies in the prior motion, the court directed O'Brien to file a new motion with certain supporting information. O'Brien has now filed a partially assented-to motion for appointment of a guardian ad litem for Glenna F. Lougee, and the defendants have filed a joint partial objection.


Discussion

O'Brien moves for the appointment of a guardian ad litem for Glenna and proposes three attorneys who could serve as guardian ad litem. O'Brien also asks that she be authorized to pay the fees and costs billed by the guardian ad litem from Glenna's

personal funds.[1]  The defendants object to the motion only to the extent that they oppose appointment of one of the proposed attorneys.  The defendants also ask as part of their objection that the court authorize the guardian ad litem to take certain actions on behalf of Glenna.

Federal Rule of Civil Procedure 17(c) "governs a minor or incompetent's access to federal court."  Sam M. ex rel. Elliott v. Carcieri, 608 F.3d 77, 85 (1st Cir. 2010).  "The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action."  Fed. R. Civ. P. 17(c)(2).  The determination that a person is incompetent, for purposes of Rule 17(c), is left to the discretion of the court.  Powell v. Symons, 680 F. 3d 301, 303 (3d Cir. 2012).  Evidence from a health care professional demonstrating that the person is incompetent due to mental illness or disability is sufficient to support a determination of incompetence.  Id. at 307.

O'Brien represents that Glenna is suffering from dementia which makes her unable to perform many important physical and mental functions.  This assertion is supported by the affidavit of Edwin Charle, M.D., Glenna's treating physician.  Because of

---

[1] O'Brien serves as trustee of Glenna's trust, which holds her personal funds.

Glenna's dementia, she is unable to make and communicate decisions about her personal and financial matters. Glenna is not represented by counsel in this action nor has a guardian been appointed for her.[2] In light of the evidence provided and in the absence of an objection by the defendants, the court concludes that Glenna is incompetent for purposes of Rule 17(c).

In response to the court's prior order, O'Brien suggested three attorneys who have experience in the area of real estate and probate law and litigation as potential guardians ad litem: David Eby, Pamela Newkirk, and Thomas M. Pappas. The defendants assent to the appointment of either Newkirk or Pappas as guardian ad litem but object to the appointment of David Eby. Eby is currently representing O'Brien in her capacity as trustee of Glenna's trust. The defendants assert that Eby would have a potential conflict of interest in representing Glenna as guardian ad litem in this case while also representing O'Brien for purposes of Glenna's trust.

Because the defendants assent to the appointment of either Newkirk or Pappas, the court need not determine whether Eby also could be appointed. The defendants also assent to O'Brien's request that she be authorized to pay the fees and costs of the

---

[2]Default has been entered against Glenna in this action.

guardian ad litem from Glenna's personal funds.  Therefore, a guardian ad litem will be appointed to protect Glenna's interests in this litigation, and O'Brien is authorized to pay the fees and costs for the guardian ad litem from Glenna's personal funds in a manner that is consistent with her fiduciary duties as a trustee.

As part of their partial objection to O'Brien's motion, the defendants ask the court to authorize the guardian ad litem "to assert or waive claims of attorney-client privilege" and "to execute deeds, trust documents, wills, or agreements on Glenna's behalf."  In this district, parties cannot assert affirmative requests for relief within an objection to a motion.  LR 7.1(a)(1).  In addition, the defendants do not provide any legal support for their requests to show that the authorizations they seek are properly within the scope of the powers of a guardian ad litem.[3]  Therefore, those requests are not addressed here.

---

[3]An appointment of a guardian ad litem, pursuant to Rule 17(c)(2), is not an appointment of a general guardian, which is a matter for the state probate court.  See In re Whatley, 396 F. Supp. 2d 50, 56-57 (D. Mass. 2005).

Conclusion

For the foregoing reasons, the plaintiff's motion for the appointment of a guardian ad litem for Glenna F. Lougee (document no. 35) is granted.

Thomas M. Pappas of the law firm Primmer Piper Eggleston & Cramer PC, 900 Elm St., Manchester, New Hampshire, is appointed to serve as guardian ad litem for Glenna F. Lougee in this action. Mr. Pappas shall keep a log of his time and costs incurred in serving as guardian ad litem for Glenna F. Lougee in this action and shall submit his invoice for payment to Wendy Lougee O'Brien, in her capacity as trustee of Glenna F. Lougee's trust.

Wendy Lougee O'Brien is authorized to pay reasonable fees and costs from the Glenna F. Lougee's trust for the services of Thomas M. Pappas as the guardian ad litem for Glenna F. Lougee in this action, in a manner that is consistent with her fiduciary duties as a trustee.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

April 22, 2013

cc:   Christopher D. Hawkins, Esquire
      Edward K. O'Brien, Esquire
      Thomas R. Walker, Esquire